# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**IN THE MATTER OF:**

HATTIE MAE DANIEL

CHAPTER **13**
Case No. 18-21349-dob
Judge DANIEL S OPPERMAN

Debtor

### TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND
### TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS;
### NOTICE TO CREDITORS OF OBLIGATION TO
### FILE A RESPONSE AND RIGHT TO OBJECT; AND
### NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION

*Please read this Report carefully. It advises you of certain
rights and deadlines imposed pursuant to the law.*
<u>*Your rights may be adversely affected.*</u>

Thomas W. McDonald Jr., Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2016-3(a)(1), reports to the Court that the above-named Debtor has comleted all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

**IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR HAS PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**

**IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**

***PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR, DEBTOR'S COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.***

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will include findings that:

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured.

Pursuant to E.D. Mich. LBR 2016-3(a)(3), if the Court determines that Debtor is eligible for a Discharge, the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

**RIGHTS AND DUTIES OF DEBTOR**

**Duty of Debtor regarding secured debt obligations:** Every Debtor, regardless of whether the Debtor is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that come due after the date of the Debtor's last payment under the Plan.

*See* E.D. Mich. LBR 2016-3(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file a Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283.

3. If the Debtor fails to complete and file a Chapter 13 Debtor's Certification Regarding Domestic Support Obligations and Section 522(q), Official Form B283 within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge.

*See* E.D. Mich LBR 4004-1

**RIGHTS AND DUTIES OF CREDITORS**

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(4), if any party in interest asserts that:

1. The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtor is not current in any payments the Debtor was authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured or that the claim is otherwise not current in all respects including, but not limited to, any unpaid escrow balance, late charge, cost or attorney fee; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor's may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2016-3(a)(5), it shall be conclusively determined that:

1. Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured and the claim is current in all respects including, but not limited to, all escrow balances, late charges, costs or attorney fees; and

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

            OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-SAGINAW
            Thomas W. McDonald, Jr., Chapter 13 Standing Trustee

Dated: October 25, 2022

/s/Thomas W. McDonald, Jr.
THOMAS W. McDONALD, JR. (P32464)
3144 Davenport Avenue
Saginaw, MI 48602
Telephone (989) 792-6766
mail@mcdonald13.org

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**IN THE MATTER OF:**
HATTIE MAE DANIEL

Debtor

CHAPTER 13
Case No. 18-21349-dob
Judge DANIEL S OPPERMAN

**PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

I hereby certify that on October 25, 2022, I electronically filed the TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

Joshua Reinert (P66185)
3434 Davenport Avenue

The parties on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

/s/ Sandy Urbaniak

Sandy Urbaniak
For the Office of the Chapter 13 Trustee-Saginaw
3144 Davenport Avenue
Saginaw, MI 48602
Telephone (989) 792-6766
mail@mcdonald13.org

HATTIE MAE DANIEL
2964 WELLAND DRIVE
SAGINAW, MI 48601

ACE AMERICAN ALARM
6222 DIXIE HIGHWAY
BRIDGEPORT, MI 48722-9513

ADVANCED DIAGNOSTIC IMAGING
3400 N CENTER   SUITE 400
SAGINAW, MI 48603

ASHRO LIFESTYLE
C/O CREDITORS BANKRUPTCY SERVICE
PO BOX 800849
DALLAS, TX 75380

BRECK'S
US ORDER RESERVATION CENTRE
PO BOX 66
GUILFORD, IN 47022

CARM
PO BOX 365
CADILLAC, MI 49601

CBCS
250 E BROAD STREET, FL 4
COLUMBUS, OH 43215-3743

CONSUMERS ENERGY COMPANY
ATTN: LEGAL DEPARTMENT
ONE ENERGY PLAZA
JACKSON, MI 49201

CREDIT ACCEPTANCE CORPORATION
25505 W 12 MILE ROAD  SUITE 3000
SOUTHFIELD, MI 48034-8339

DYNAMIC RECOVERY SOLUTIONS
PO BOX 25759
GREENVILLE, SC 29616-0759

FINGERHUT
6250 RIDGEWOOD ROAD
ST CLOUD, MN 56395-2001

GEORGE CARTY MD
4200 FASHION SQUARE BLVD
SAGINAW, MI 48604

JEFFERSON CAPITAL SYSTEMS-EFT
PO BOX 772813
CHICAGO, IL 60677-2813

JOSHUA REINERT (P66185)
3434 DAVENPORT AVENUE
SAGINAW, MI 48602

MEDICAL FINANCIAL SOLUTIONS
800 S WASHINGTON
SAGINAW, MI 48601

MEDICAL FINANCIAL SOLUTIONS
22639 N 17TH AVENUE
PHOENIX, AZ 85027

MERCHANTS CREDIT GUIDE
233 W JACKSON BLVD
CHICAGO, IL 60606

ROBERT G LEE MD PC
ALLEN MEDICAL BUILDING
200 S WENONA   SUITE G96
BAY CITY, MI 48706

RUSHMORE LOAN MANAGEMENT
SERVICES LLC
PO BOX 52708
IRVINE, CA 92619-2708

SPECTRUM
PAYMENT SUPPORT
1600 DUBLIN RD
COLUMBUS, OH 43215

ST MARYS MEDICAL CTR
800 SOUTH WASHINGTON
SAGINAW, MI 48601-2524


ST MARYS OF MICHIGAN
3274 SOLUTIONS CENTER
PO BOX 773274
CHICAGO, IL 60677-3002

STATE FARM BANK FSB
PO BOX 2328
BLOOMINGTON, IL 61702-2328


THE SWISS COLONY
C/O CREDITORS BANKRUPTCY SERVICE
PO BOX 800849
DALLAS, TX 75380

UNIVERSAL FIDELITY CORP
P O BPX 5444
KATY, TX 77491-5444


WEBBANK/FINGERHUT
6250 RIDGEWOOD ROAD
ST CLOUD, MN 56303


WELLS FARGO BANK NA
ATTN: PAYMENT PROCESSING MAC
#X2302-04C
ONE HOME CAMPUS
DES MOINES, IA 50328

WILDFIRE CREDIT UNION-EFT
6640 BAY ROAD
PO BOX 3285
SAGINAW, MI 48605